JUDGE CEDARBAUM

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Avenue, Suite 1100
New York, New York 10022
Phone: (212) 286-1425; Fax: (646) 688-3078

**13 CV 1308**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LUIS SOTO, Individually and on
Behalf of All Other Persons Similarly Situated,

                    Plaintiff,

        -against-

PETLAND DISCOUNTS, INC., BRENDA
CARABALLO, and JOHN DOES # 1-10,

                    Defendants.
-------------------------------------------------------------X

ECF

13 Civ. _____

**COMPLAINT AND JURY DEMAND**

RECEIVED FEB 27 2013 D.C. S.D. N.Y. CASHIERS

      Plaintiff LUIS SOTO ("Soto" or "Plaintiff"), individually and as class representative of other employees similarly situated, by and through his attorney, complains and alleges for his compliant against PETLAND DISCOUNTS, INC., ("Petland"), BRENDA CARABALLO ("Caraballo"), and John Does #1-10 (together "Defendants") as follows:

## NATURE OF ACTION

      1.     This is an action seeking recovery of unpaid hourly wages, and minimum wages on behalf of Plaintiff and similar employees who worked as store clerk employees for Defendants, and were required to clock-out at the time the store closed, but were also required to continue working for an additional hour without receiving any wages, and were paid at minimum wage for the hours for which they were clocked in, and were not paid hourly wages, and minimum wages for all of their hours worked.

2.      Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid wages from Defendants for work for which they did not receive hourly wages and minimum wages as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.      Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants, as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and the New York common law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7.      Plaintiff LUIS SOTO at all relevant times has been an adult individual, residing in

2

Bronx County, New York.

8.      Upon information and belief, Defendant Petland is a corporation organized and existing in the State of New York, doing business throughout New York City, including the Southern District of New York.

9.      Upon information and belief, Defendant Petland operates over 100 chain pet stores throughout the tri-state area, including a store at 1949 Westchester Avenue, Bronx New York 10462 (the "store"), where Plaintiff was employed.

10.     Upon information and belief, Defendant Caraballo is the direct supervisor of Plaintiff, and controls the day to day operations and management of the store and jointly employed Plaintiff and other similarly situated employees at all relevant times.

11.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law § 2 and the regulations thereunder, and are jointly and severally liable with Defendants.

12.     Each Defendant, including but not limited to Caraballo, either directly or indirectly, has hired and fired Plaintiff and other similar employees; controlled the work schedule and conditions of employment of Plaintiff and similar employees; determined the rate and method of payments of Plaintiff and similar employees; and kept at least some records regarding the employment of Plaintiff and similar employees.

3

## COLLECTIVE ACTION ALLEGATIONS

13.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since February 27, 2007 to the entry of judgment in this case (the "Collective Action Period") (statute of limitations tolled for failure to post notice), who were non-exempt employees within the meaning of the FLSA and who were not paid for all of their hours worked, and were not paid minimum wages (the "Collective Action Members").

14.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

16.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

4

17.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a.   whether the Defendants employed the Collective Action members within the meaning of the FLSA;

   b.   whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

   e.   whether Defendants failed to pay the Collective Action Members, minimum wages for hours worked in violation of the FLSA and the regulations promulgated thereunder;

   f.   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

   g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

   h.   whether Defendants should be enjoined from such violations of the FLSA in the future.

5

18.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

19.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since February 27, 2007, to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them in violation of the New York Labor Law, and the New York common law (the "Class").

21.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least 40 members of Class during the Class Period.

22.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy— particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

23.     The Defendants have acted or refused to act on grounds generally applicable to

6

the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

25.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class, minimum wages and/or hourly wages for all hours worked by them, within the meaning of the New York Labor Law;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

7

## STATEMENT OF FACTS

27.     Soto was employed by PETLAND DISCOUNTS, INC. ("Petland"), and

BRENDA CARABALLO ("Caraballo") (together "Defendants"), as a store clerk for a number

of months, from September 3, 2010 until about April 20, 2011 (the "time period").

28.     During the time period, Soto was not paid hourly wages and minimum wages for

all of his hours worked in violation of the Fair Labor Standards Act (FLSA) and applicable New

York Labor Laws.

29.     During the time period, Defendant Petland operated and operates over 100 chain

pet stores throughout the tri-state area.

30.     During the time period, Soto worked for Defendants as a store clerk, at a Petland

store located at 1949 Westchester Avenue, Bronx, N.Y. 10462 (the "store").

31.     During the time period, Defendant Caraballo was the store manager, and Soto's

direct supervisor.

32.     During the time period, Defendant Caraballo, either directly or indirectly, hired

and fired Soto and other store clerk employees; controlled Soto's work schedule and conditions

of employment; determined the rate and method of Soto's payment; and kept at least some

records regarding Soto's employment.

33.     During the time period, Soto was paid an hourly rate of $7.25 for all hours for

which Defendants gave him credit.

34.     During the time period, Soto generally worked four days a week.

35.     During the time period, Soto did not have a specific start time because Defendant

Caraballo generally called him on the days Soto was scheduled to work, to provide him with a

start time.

8

36.     During the time period, Soto always closed the store.

37.     During the time period, the store generally closed at 7:00 p.m.

38.     During the time period, Soto and the other store clerk employees clocked in and out of their jobs.

39.     During the time period, Soto was instructed by his supervisor, Defendant Caraballo, to clock-out at 7:00 p.m., when the store closed, however, Soto was also instructed to continue working until 8:00 p.m. cleaning the store.

40.     During the time period, Soto generally worked until 8:00 p.m. and was not paid any wages for the additional hour that Soto worked after clocking out (the "off the clock hour").

41.     During the off the clock hour, Soto generally was responsible for cleaning the pet tanks, and sweeping the floors.

42.     During the time period, Soto continuously complained to Defendant Caraballo about not being paid for the off the clock hour.

43.     Caraballo represented that it was Defendants' policy not to pay its employees for any hours worked after the store was closed to customers.

44.     Soto has never seen any notice posted by Defendants indicating that store clerk employees had a right to minimum wages and/or overtime wages.

45.     There is a high turnover rate applicable to store clerks employed by Defendants. Store clerks were employed for only months at a time.

46.     Upon information and belief, there are at least 40 similar stork clerks employed by Defendants during the last six years, who were not paid for all of their hours worked, and were not paid minimum wages.

47.     Soto knows that others like him were not paid for all of their hours worked and were not paid minimum wages by Defendants because Soto frequently heard other similar store clerk employees, including but not limited to Jonathan Rodriguez, Ivan Martinez, Edwin (last name unknown), Manny (last name unknown), and Alene (last name unknown), complain that they were forced to clock-out and continue working without being compensated for the time spent working after clocking out.

48.     Throughout the time period, Defendants have likewise employed other individuals, like Soto, in positions as store clerk employees.

49.     Throughout the time period, such individuals have been required to work numerous off the clock hours for Defendants, and Defendants have likewise failed to pay them wages for their off-the-clock time and/or minimum wages for all hours worked.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

50.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

51.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

53.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

10

54.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

55.    At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked.

56.    As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.    As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

58.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.    Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum wages and overtime wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

60.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

61.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62.     Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

63.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid minimum wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   An order tolling the statute of limitations;

c.   Designation of this action as a collective action on behalf of the Collective Action

12

Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all
similarly situated members of an FLSA Opt-In Class, apprising them of the
pendency of this action, permitting them to assert timely FLSA claims in this
action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and
appointing Plaintiff and his counsel to represent the Collective Action members;

d.   A declaratory judgment that the practices complained of herein are unlawful
under the FLSA and the New York Labor Law;

e.   An injunction against the Defendants and their officers, agents, successors,
employees, representatives and any and all persons acting in concert with it, as
provided by law, from engaging in each of the unlawful practices, policies and
patterns set forth herein;

f.   An award of unpaid wages, including unpaid minimum wages, due under the
FLSA and the New York Labor Law;

g.   An award of liquidated and/or punitive damages, as a result of the Defendants'
willful failure to pay minimum wages pursuant to 29 U.S.C. § 216 and the New
York Labor Law;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable attorney's
and expert fees; and

j.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
February 27, 2013

LAW OFFICE OF WILLIAM COUDERT RAND

William Coudert Rand, Esq.
*Attorney for Plaintiff*, Individually and on
Behalf of All Persons Similarly Situated
488 Madison Avenue, Suite 1100
New York, New York 10022
Tel: (212) 286-1425
Fax: (646) 688-3078
Email: wcrand@wcrand.com

14

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of   Petland Discounts, Inc.,   Brenda Caraballo

To pay me minimum wages and/or overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

_Luis Soto_
Printed Name

_(signature)_
Signature

_02-25-2013_
Date

7