UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

LUIS SOTO, Individually and on Behalf of      13 Civ. 1308
All Other Persons Similarly Situated,

        -Plaintiff,                     ANSWER

        -against-

PETLAND DISCOUNTS, INC., BRENDA
CARABALLO and JOHN DOES #1-10,

        **Defendants.**
_____x

Defendants Petland Discounts, Inc. ("Petland") and Brenda Caraballo ("Caraballo") (collectively "Defendants"), by their attorneys, Kane Kessler, P.C., answer the Complaint as follows:

## NATURE OF ACTION

1. Deny the allegations of paragraph 1 of the Complaint to the extent they assert that Defendants required store clerks to clock out and continue working without receiving any wages for off-the-clock work and that they were not paid their hourly wages and/or minimum wage for all of their hours worked.

2. Deny the allegations of paragraph 2 of the Complaint.

3. Deny the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint contains only legal conclusions not requiring an answer.

5. Paragraph 5 of the Complaint contains only legal conclusions not requiring an answer.

6. Paragraph 6 of the Complaint contains only legal conclusions not requiring an answer.

## PARTIES

7. Deny knowledge or information sufficient to form a belief as to plaintiff's county of residence but admit the remaining allegations of paragraph 7 of the Complaint.

8. Admit the allegations of paragraph 8 of the Complaint.

9. Deny the allegations of paragraph 9 of the Complaint.

10. Deny the allegations of paragraph 10 of the complaint, except admits that Caraballo was the direct supervisor of plaintiff when he worked at the store located at 1949 Westchester Avenue, Bronx, N.Y. (the "Store").

11. Deny the allegations of paragraph 11 of the Complaint to the extent they assert that any officers, directors or managing agents of Petland acted intentionally and maliciously and deny having knowledge or information sufficient to form a belief as to whether any of the unknown and unidentified "John Does" are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 CFR §791.2, as well as the New York Labor Law §2 and the regulations thereunder and are jointly liable and severally liable with Defendants. .

12. Deny the allegations of paragraph 12 of the Complaint, except admits that Caraballo controlled the work schedule of Plaintiff and other employee working in the Store and admits that one or more John Does hired and fired Plaintiff, determined the rate and method of payments and kept records regarding the employment of Petland employees.

## COLLECTIVE ACTION ALLEGATIONS

13. Deny the allegations of paragraph 13 of the Complaint to the extent they assert that any employees of Petland were not paid for all of their hours worked and were not paid minimum wage.

14. Deny the allegations of paragraph 14 of the Complaint to the extent they assert that there is a Collective Class of Petland employees who were not paid minimum wages and/or hourly wages.

15. Deny the allegations of paragraph 15 of the Complaint to the extent they assert that there is a Collective Class of Petland employees who were not paid minimum wages and/or hourly wages.

16. Deny the allegations of paragraph 16 of the Complaint to the extent they assert that there is a Collective Class of Petland employees who were not paid minimum ages and/or hourly wages.

17. Deny the allegations of paragraph 17 of the Complaint to the extent they assert that there is a Collective Class of Petland employees who were not paid minimum wages and/or hourly wages and that Petland failed to maintain true and accurate time records for all hours worked by non-exempt employees.

18. Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

## CLASS ALLEGATIONS

19. Paragraph 19 of the Complaint contains no factual allegations requiring an answer.

20. Deny the allegations of paragraph 20 of the Complaint to the extent they assert that any employees of Petland were not paid minimum wages and/or hourly wages for all hours worked by them.

21. Deny the allegations of paragraph 21 of the Complaint to the extent they assert that there is a Class of employees of Petland who have not been paid minimum wages and/or hourly wages for all hours worked by them.

22. Deny the allegations of paragraph 22 of the Complaint to the extent they assert that there is a Class of employees of Petland who have not been paid minimum wages and/or hourly wages for all hours worked by them.

23. Deny the allegations of paragraph 23 to the extent they assert that Defendants have acted or refused to act in any manner in violation of the law, rules or regulations.

24. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25. Deny the allegations of paragraph 25 of the Complaint to the extent they assert that there is a Class of employees who were not paid minimum wages and/or hourly wages for all hours worked by them.

26. Deny the allegations of paragraph 26 of the Complaint to the extent they assert that there is a Class of employees who were not paid minimum wages and/or hourly wages for all hours worked by them or that Petland failed to keep true and accurate time records of all hours worked by any of its non-exempt employees.

## STATEMENT OF FACTS

27. Deny the allegation that Plaintiff was employed by Caraballo, but admit the remaining allegations of the paragraph 27 of the Complaint.

28. Deny the allegations of paragraph 28 of the Complaint.

29. Deny the allegations of the Complaint.

30. Admit the allegations of paragraph 30 of the Complaint.

31. Admit the allegations of paragraph 31 of the Complaint.

32. Deny the allegations of paragraph 32 of the Complaint that Caraballo hired and fired Plaintiff and other store clerks and determined the rate and method of plaintiff's payment.

33. Admit the allegations of paragraph 33 of the Complaint that Plaintiff was paid $7.25 per hour and assert that he was paid that amount for all hours that he worked plus one-half hour for each meal break.

34. Deny the allegations of paragraph 34 of the Complaint.

35. Deny the allegations of paragraph 35 of the Complaint.

36. Admit the allegations of paragraph 36 of the Complaint.

37. Admit the allegations of paragraph 37 of the Complaint but affirmatively assert that the Store closed at 5 P.M. on Sundays.

38. Deny the allegations of paragraph 38 of the Complaint that Plaintiff and other store clerks "clocked" in and out and assert that they initialed their work schedules every week before they were sent to payroll for processing.

39. Deny the allegations of paragraph 39 of the Complaint.

40. Deny the allegations of paragraph 40 of the Complaint.

41. Deny the allegations of paragraph 41 of the Complaint.

42. Deny the allegations of paragraph 42 of the Complaint.

43. Deny the allegations of paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 44 of the Complaint as to what Plaintiff saw, but assert that a poster containing information on employees' right to minimum wages and/or overtime wages was conspicuously posted in the Store during the relevant time period.

45. Deny the allegations of paragraph 45 of the Complaint.

46. Deny the allegations of paragraph 46 of the Complaint.

47. Deny the allegations of paragraph 47 of the Complaint.

48. Admit the allegations of paragraph 48 of the Complaint.

49. Deny the allegations of paragraph 49 of the Complaint.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

50. Defendants repeat and reiterate the answers set forth in paragraph 1 through 49 as if set forth herein at length.

51. Deny the allegations of paragraph 51 of the Complaint that Caraballo or any John Doe defendants are employers engaged interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

52. Deny the allegations of paragraph 52 of the Complaint that Caraballo or any of the John Doe defendants employed and continue to employ Plaintiff and to the extent that it asserts that there is a Collective Class of Petland employees who were not paid minimum wages and/or hourly wages for all hours worked by them.

53. Deny that Caraballo or any of the John Doe defendants have had gross revenues in excess of $500,000.

54. Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 54 of the Complaint.

55. Deny the allegations of paragraph 55 of the Complaint.

56. Deny the allegations of paragraph 56 of the Complaint.

57. Deny the allegations of paragraph 57 of the Complaint.

58. Deny the allegations of paragraph 58 of the Complaint.

59. Deny the allegations of paragraph 59 of the Complaint.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

60. Defendants repeat and reiterate the answers set forth in paragraph 1 through 59 as if set forth herein at length.

61. Deny the allegation of paragraph 61 of the Complaint to the extent it asserts that that there is a Class of Petland employee who are not paid minimum wages and/or hourly wages for all hours worked by them.

62. Deny the allegations of paragraph 62 of the Complaint.

63. Deny the allegations of paragraph 63 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64. The Complaint fails to allege a cause of action pursuant to the FLSA.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

65. The Complaint fails to allege a cause of action pursuant to the New York Labor Law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

66. Defendant Caraballo is not an employer as defined by the FLSA or the New York Labor Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

67. Defendant Caraballo does not and at all relevant times did not determine wages or method of payment or set any policies of Petland.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

68. Petland maintained daily time records of every non-exempt employee during the relevant time period.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

69. Employees were instructed to initial their daily time records at the end of every workweek before the records were submitted to Petland's Payroll Department for the processing of payroll.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. Petland's Employee Handbook contains a provision that if there is any discrepancy in an employee's time records, he/she can call Petland's Human Resources directly to correct the discrepancy, and provides a telephone number for the Human Resources Department.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. Petland's Employee Handbook contains a provision that employees are paid their hourly wage for every hour from the time they arrive at work until they leave, including their meal break.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

72. At no time during his employment did Plaintiff contact the Human Resources Department to inform it of a discrepancy in his time records or that he had not been paid for any time he had worked.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

73. At no time during his employment did Plaintiff complain to Caraballo or any other manager or assistant manager of any discrepancy in his time records or that he had not been paid for any time that he had worked.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

74. Plaintiff's time records and payroll records indicate that on the occasions when he worked later than 7:00 PM, he was paid properly and in full for that time.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

75. Throughout the relevant time period, Petland maintained in all of its stores, including the Store, a poster containing a notice informing employees of their rights to minimum wage and overtime, among other employment rights.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

76. Throughout the relevant time period, it has been the policy and practice of Petland to pay all of its employees at least minimum wage and to pay non-exempt employees for all hours worked by them plus one-half hour for non-work time during their meal breaks.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

77. There is no class of employees of Petland who were not paid minimum wages and/or hourly wages for all hours worked by them.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

78. The Complaint is barred in whole or in part by the statute of limitations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

79. The Complaint is barred in whole or in part by the doctrine of laches.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

80. The Complaint is barred by the doctrine of accord and satisfaction.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

81. The Complaint is barred by the doctrines of equitable estoppel and/or collateral estoppel.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

82. The Complaint is barred by the doctrine of unclean hands.


Dated:  New York, N.Y.
        April 12, 2013

        KANE KESSLER, P.C.
        **Attorneys for Petland Discounts, Inc. and Brenda Caraballo**

        By: _/s/ Judith A. Stoll_
        Judith A. Stoll (JS-9896)
        1350 Avenue of the Americas
        New York, N.Y. 10019
        (212)541-6222
        jstoll@kanekessler.com

TO:  LAW OFFICE OF WILLIAM COUDERT RAND
     **Attorneys for Plaintiff**
     488 Madison Avenue, Suite 1100
     New York, N.Y. 10022
     (212)286-1425
     wcrand@wcrand.com